IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN SCHELLENGER, *on behalf of herself* and *the class members described herein*,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC, BUREAUS INC., and BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15 LLC,<br><br>    Defendants. | Case No. 17-cv-1108-SMY |

**ORDER**

**DALY, Magistrate Judge:**

This matter has been referred to the undersigned to address a discovery dispute that has arisen between Plaintiff and Defendants The Bureaus Inc. ("TBI") and Bureaus Investment Group Portfolio No. 15 LLC ("BIG 15"). Plaintiff seeks the contract between TBI and BIG 15, per request for production of documents number 6 propounded on BIG 15. Plaintiff contends production of the contract is warranted as it is relevant to questions of whether BIG 15 is a debt collector under the Fair Debt Collection Practices Act ("FDCPA") and whether it can be held vicariously liable for the unlawful debt collection practices of Defendants TBI and Credit Control, LLC. BIG 15 contends Plaintiff's argument is undercut insofar as she has failed to plead or allege agency or vicarious liability. BIG 15 also asserts that Plaintiff relies on authority that does not represent the factual scenario in this case. More specifically, BIG 15 explains that the case law cited by Plaintiff addresses the status and liability of entities that directly contract with, retain, and refer out to collection agencies certain accounts for recovery on certain terms. BIG 15 contends it has no agreement with Credit Control (which sent the letter to Plaintiff at issue), did not hire Credit

Control, and has no knowledge, interaction, or control over Credit Control's attempts to recover. BIG 15 relies primarily on the decision in *Aker v. Bureaus Investment Group Portfolio No. 15, LLC*, No. 12-C-03633, 2014 WL 4815366 (Sept. 29, 2014 N.D. Ill.), wherein the court granted defendants' motion to dismiss finding there was no allegation that the defendant (BIG 15) made any representation to that plaintiff that could have been covered by the FDCPA. The court noted there is nothing in the FDCPA that extends liability to the third-party creditor on whose behalf collection takes place.

While mindful of this decision, the Court finds that the request for production of the contract between BIG 15 and TBI to be relevant to the issues in this lawsuit. The undersigned is not considering a motion to dismiss as was the Court in *Aker*. Here, the Court is guided by Federal Rule of Civil Procedure 26(b)(1). The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the

case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

In this instance, the contract between TBI and BIG 15 is relevant to the issue of whether BIG 15 violated the FDCPA, and certainly proportional to the needs of this case. The Court also notes the Seventh Circuit's opinion in *Janetos v. Fulton Friedman & Gullace, LLP*, wherein the Court remarked "[a] debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself," finding it to be "fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf." 825 F.3d 317, 325 (7th Cir. 2016). The Court recognizes BIG 15's argument that it is more removed from Credit Control than the entity at issue in *Janetos*; however, in light of the relationship between TBI and Credit Control, Plaintiff must be allowed to ascertain more information about the relationship between TBI and BIG 15 under the dictates of Rule 26 at this juncture.

BIG 15 shall produce the contract between itself and TBI by **December 10, 2019**.

**IT IS SO ORDERED.**

**DATED: December 3, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**